IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIM O'LAUGHLIN, BOP #27778-044, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-0107 |
| | § | |
| ESTHER MARIA CORRIGAN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Tim O'Laughlin (BOP #27778-044), who is currently in custody of the United States Bureau of Prisons at the Federal Medical Center in Springfield, Missouri, has filed a handwritten Formal Complaint ("Complaint") (Docket Entry No. 1) alleging that the defendant has violated his rights. Because O'Laughlin is an inmate who has not paid the filing fee, the court is required to scrutinize the Complaint under the federal in forma pauperis statute and dismiss the case if it determines that the action is "frivolous or malicious;" "fails to state a claim on which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A. After reviewing all of the pleadings, the court concludes that this action must be dismissed for the reasons explained briefly below.

## I. Background

Court records disclose that O'Laughlin is presently in custody pending federal prosecution on a multi-count indictment charging him with using interactive computer services and interstate commerce to harass, intimidate, and cause substantial emotional distress to two individuals (R.J. and E.C.) in violation of 18 U.S.C. § 2261A(2)(A) (counts one and two) and transmitting a threat to injure another entity (the Boeing Company) in violation of 18 U.S.C. § 875(c) (count three). See United States v. O'Laughlin, Crim. No. 4:12-00181 (E.D. Mo.) (Docket Entry No. 2). O'Laughlin was found incompetent to stand trial in the case, resulting in his continued confinement at the Federal Medical Center in Springfield. See id. (Docket Entry No. 40); see also United States v. O'Laughlin, 695 F. App'x 172, 172 (8th Cir. Aug. 10, 2017) (upholding O'Laughlin's continued civil commitment for inpatient treatment following the finding of incompetency due to a mental disease that features "delusions and paranoid beliefs").

In the pending Complaint, O'Laughlin seeks "damages" for "personal injury" caused by the defendant, Esther Maria Corrigan, a private citizen who resides in a suburb of Houston, Texas. See Complaint, Docket Entry No. 1, pp. 1, 2. O'Laughlin appears to accuse Corrigan of invading his privacy, stalking, defamation, slander, and violating federal law by planting a radio transmitter device or microchip in his body. See id. at 1, 3. According to O'Laughlin, the implanted device has communicated his "private

data" to police in St. Louis, Missouri, and the Boeing Company, where O'Laughlin was formerly employed.[1] See id. at 1. In support of his claims O'Laughlin provides correspondence from a doctor and a private investigator, who recommend that O'Laughlin undergo "frequency scanning" or further testing because he might have a foreign device implanted in his body.[2] See Correspondence, Docket Entry No. 1-1, pp. 2, 6.

## II. Discussion

The Supreme Court has held that a complaint filed by a litigant who proceeds in forma pauperis may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 109 S. Ct. 1827, 1831-32 (1989). A claim is factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible[.]" Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). Included in this class of claims are those "describing fantastic or delusional scenarios" and

---

[1] See O'Laughlin v. The Boeing Company, Civil No. 4:18-1552 (E.D. Mo. Nov. 2, 2018) (dismissing O'Laughlin's civil action against the Boeing Company for terminating his employment in 2000 for failure to timely exhaust administrative remedies as required to assert a claim under the Americans with Disabilities Act).

[2] The correspondence consists of an undated letter from Dr. J. Hall of San Antonio, Texas, and a report dated July 7, 2011, from Owner/Lead Investigator Melinda Kidder of Columbia Investigations. See Correspondence, Docket Entry No. 1-1, pp. 2-6. O'Laughlin also provides a letter dated March 22, 2010, from former Missouri State Representative Jim Guest, regarding his belief that another individual named James Walbert, who was also examined by Dr. Hall, had a foreign device, "most likely a microchip," in his body. See Correspondence, Docket Entry No. 1-1, p. 1.

allegations that are "fanciful" and "clearly baseless." Id. (citations omitted); see also Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999) ("A complaint is factually frivolous when the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless.") (citations and internal quotation marks omitted).

O'Laughlin's allegation that a transmitter or microchip has been covertly implanted in his body by a random private citizen for the purpose of improper surveillance is the sort of claim that courts routinely dismiss as factually frivolous. See, e.g., Dodson v. Haley, No. 16-6196, 2017 WL 3224485, at *1 (6th Cir. May 17, 2017) (dismissing as frivolous a prisoner's claim that correctional officers installed "eye cameras" and "thought processing devices" in his body); Golden v. Coleman, 429 F. App'x 73, 74 (3d Cir. 2011) (dismissing as frivolous a prisoner's claim that prison employees implanted "Government Micro Eye Cameras" in his food, which then attached to the "visual cortex" in his brain and sent images to a computer for broadcast on "prison television"); Manco v. Does, 363 F. App'x 572, 575 (10th Cir. 2010) (dismissing as frivolous the plaintiff's claim that prison officials implanted a tracking device in his jaw to "monitor his thoughts and send him inaudible, profane messages"); Johnson v. Drug Enforcement Agency, 137 F. App'x 680 (5th Cir. 2005) (dismissing as frivolous plaintiff's allegation that the DEA implanted a transmitter in his scalp); Patterson v. UHC Hospital of Lafayette, Civil Action No. 6:17-1383, 2017

WL 6811709, at *1 & *2 (W.D. La. Oct. 31, 2017) (dismissing the plaintiff's allegation that doctors implanted a microchip device in his body during an "illegal surgery" as "so delusional as to warrant dismissal as frivolous") (citations omitted). Accordingly, this civil action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Tim O'Laughlin's Formal Complaint (Docket Entry No. 1) is **DISMISSED with prejudice** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

3. Prison officials at the Federal Medical Center in Springfield shall deduct the filing fee for indigent litigants ($350.00) from the inmate trust fund account belonging to the plaintiff, Tim O'Laughlin (BOP #27778-044), and forward those funds when they are available to the Clerk of Court in compliance with 28 U.S.C. § 1915(b) until the entire amount is paid.

**The Clerk will provide a copy of this Memorandum Opinion and Order to: (1) the plaintiff; (2) the Warden, MCFP Springfield, Federal Medical Center, P.O. Box 4000, Springfield, MO 65801; and (3) the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 30th day of January, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE